## WYNN v. R. E. EDMONSON LAND & CATTLE CO.

(Court of Civil Appeals of Texas. Amarillo. June 15, 1912. Rehearing Denied Oct. 12, 1912.)

1. APPEAL AND ERROR (§ 531*)—TRANSCRIPT —INJUNCTION.

On appeal from the granting of an ex parte injunction it was error to include in the transcript defendant's answer and application for fixing the amount of the appeal bond, which were not filed until after the injunction was granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2359–2366; Dec. Dig. § 531.*]

2. COSTS (§ 256*)—APPEAL—TRANSCRIPT.

Where appellant included in the transcript pleadings which could not be considered, he was taxable with the costs of including same.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

3. JUDGES (§ 25*)—SPECIAL JUDGES—AUTHORITY.

Where a special judge was elected by the practicing attorneys under Rev. St. 1895, art. 1071, providing for such election, and that such judge shall hold said court and conduct the business thereof, and have all the power and authority of the judge of said court until the completion of any business begun before him, which statute is authorized solely by Const. art. 5, § 7, empowering the Legislature to provide for the holding of district court when the judge thereof is absent, disabled, or disqualified from presiding, he had no authority to issue a writ of injunction returnable to another county of the same judicial district; the effect of such statute and constitutional provision being merely to provide a substitute for the regular judge to prevent a failure of the term in a particular county, and not to clothe such substitute judge with authority beyond the court which he is selected to hold.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 99–106; Dec. Dig. § 25.*]

Appeal from District Court, Armstrong County; John W. Veale, Special Judge.

Proceeding for injunction by the R. E. Edmonson Land & Cattle Company against Arch Wynn. From an injunction granted, defendant appeals. Injunction vacated and dissolved.

Madden, Trulove & Kimbrough, of Amarillo, for appellant. W. A. Wilson, of Claude, and Gustavus & Jackson, of Amarillo, for appellee.

PRESLER, J. This is a proceeding for injunction filed in the district court of Armstrong county by appellee against appellant. The petition sought a temporary mandatory writ, requiring appellant to immediately vacate certain premises described in appellee's petition and surrender possession of certain property therein described, and to desist from further control or management of said premises or any part thereof, and from in any way interfering with the appellee or its employés in the possession, management, and control of said premises and said property; and also prayed that appellant be cited to answer said petition, and that appellee have judgment perpetuating said injunction for costs and general and special relief, legal and equitable. The petition was presented in vacation to Hon. John W. Veale, presiding over the district court of Potter county, Tex., as special judge of said court, elected by the members of the bar, and said judge indorsed his fiat on the petition granting the injunction upon appellee's executing a bond as required by law, and approved by the clerk

of the district court of Armstrong county, in the sum of $1,500, said writ being made returnable to the district court of Armstrong county. Thereafter, on the 22d day of March, 1912, said writ was duly executed by the sheriff of Armstrong county.

[1, 2] Appellee, by a motion filed herein, asks that this court strike from the transcript defendant's original answer, filed March 25, 1912, and also appellant's application for fixing the amount of appeal bond filed on the same date, because said answer and application were filed with the clerk of the district court of Armstrong county after the order granting the writ had been made, and were not before nor considered by the trial judge at the time the writ was granted. We are of the opinion that this objection is well taken, as this is an ex parte hearing by the trial judge, and only such matters as were before the court at the time the application was considered should be brought up in the transcript. It is well settled that in such proceeding only such pleadings and matters as were before the trial judge can be considered by this court (City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; Jelinek v. State, 52 Tex. Civ. App. 402, 115 S. W. 908); and, as appellant appears to be responsible for incumbering the transcript with such unnecessary and useless matter, which can serve no useful purpose here, the cost of incorporating said pleadings in the transcript is here taxed against appellant, and said pleadings will not be considered by this court.

[3] Appellant's first assignment of error is to the effect that the injunction was wrongfully issued because Hon. John W. Veale, who signed the fiat for said injunction as judge presiding, was not the judge of the district court of Armstrong county, Tex., and was not the judge of the Forty-Seventh judicial district of the state of Texas, of which said Armstrong county is a part, but was a special judge of the district court of Potter county, Tex., acting by virtue of an election by the attorneys of the court to hold said position as special judge of said Potter county district court during the absence from said court of Hon. J. N. Browning, the regularly elected, qualified, and acting judge of the said Forty-Seventh judicial district, and said Veale was without jurisdiction or authority to grant said injunction, and that his fiat ordering said injunction to issue was null and void, and did not authorize the issuance of the writ of injunction. The question as to the power of a special district judge elected by the practicing attorneys present, as provided by the statute and under the Constitution of this state to hold a particular term of the district court of a certain county, in the absence of the regular district judge (to prevent a failure of the term) to issue a writ of injunction returnable to another county of the same judi-cial district, is interesting, and appears to have not heretofore been passed on directly by the appellate courts of this state, and we have given the question involved quite an extended investigation. Article 5, § 7, of the state Constitution, provides for the division of the state into judicial districts, and for the election of a judge for each district. It further provides that this judge of the district shall hold regular terms of his court at the county seat of each county in his district at least twice a year. It further provides that the Legislature shall provide for the holding of the district court when the judge thereof is absent or is disabled or disqualified from presiding, and this appears to be the only constitutional provision under which a special judge may be elected by the practicing attorneys under article 1071 of the Revised Statutes. Article 5, § 11, of the Constitution, provides for a special judge to try a particular case where the judge is disqualified, and provides, also, for the exchange of districts by district judges, but it does not provide for the election of a special judge to hold the whole or a part of the term of court in the absence of the district judge. This authority appears to be found alone in section 7 of said article, and in our opinion the only construction that can be placed upon this section is that it intended to provide simply for the holding of a particular district court; that is, the term of a district court of a county when the regular district judge thereof is absent or disqualified in order that there may be no failure of the term, and that it does not contemplate the displacement of the regular judge for the entire district or the superseding of his authority or duty with respect to any court in the district, except that from which he is absent, when by law it is to be held. In this instance it appears from the record that the regular district judge, Hon. J. N. Browning, is not shown to have been absent from the district, but it is recited in the proceedings of the election of the special district judge, as contained in the transcript, that he was absent from the "city." Under the Constitution and statutes of this state, providing for the establishment of our district courts and defining the powers and duties of the same and the judges thereof, we are clearly of the opinion that the fact that Judge Veale was holding the district court of Potter county, as a special judge, elected under the statute, could in no way divest Judge Browning of authority to act upon the application and grant or refuse the writ, had the petition been presented to him, and that it is not the intention of the statute or of the Constitution to make the office of district judge vacant by his failure to be present to hold the term of the court for a particular county, and to fill such vacancy by election by the practicing attorneys of another district judge. This latter is pro-

vided for by section 28, art. 5, of the Constitution, which provides that vacancies in the office of judges of the Supreme Court, Court of Criminal Appeals, Courts of Civil Appeals, and district courts, shall be filled by the Governor until the next succeeding election. Nowhere does the Constitution authorize the lawyers practicing at the bar of a particular county, or the lawyers practicing in all the counties of a. district, to fill a vacancy in the office of district judge. We are further of the opinion that under section 7, art. 5, of the Constitution, and the provisions of article 1071 of the Revised Statutes, it is intended simply to provide a substitute for the regular judge to hold the term (or a part of the term) of the district court of a particular county instead of the district judge when he is absent, and to clothe such substitute judge with the powers of a regular district· judge only so far as may be necessary to enable him to hold and transact the business of that court, and that the regularly elected and commissioned district judge is still the judge of all the district courts of the several counties composing his district, and in him resides the powers conferred by the Constitution and statutes upon the judge of the district courts of the counties composing his district, and that the substitute judge holding court in a particular county has no authority beyond the court which he is selected to hold. In this instance, as before stated, it is not shown that Judge Browning, the regular district judge, was absent from his district. It is only shown that he was absent from the Potter county district court, and it appears that the special judge was chosen to prevent the failure of that court and for the purpose of conducting the business of the same, and we are of the opinion that it was not necessary for him to be clothed with any power or authority with respect to the district .court of another county in the district, and that the Constitution and the statutes do not contemplate that he should be clothed with any such authority. We therefore conclude that the fiat of said special judge, ordering said injunction to issue, is without authority of law, and did not authorize the issuance of the writ, and is therefore null and void. State Const. art. 5, §§ 7 and 11; R. S. of Texas, art. 1071; General Laws of 1909, pp. 113, 114; General Laws of 1909, p. 354; Wallace v. Helena, etc., Co., 10 Mont. 24, 24 Pac. 626, 25 Pac. 278; Bear v. Cohen, 65 N. C. 511; Morris v. Whitehead, 65 N. C. 637; People v. O'Neil, 47 Cal. 109.

In view of the above conclusion, it is not deemed necessary to pass upon the questions raised by appellant's remaining assignments. For the error pointed out, we are of the opinion that the injunction granted should be in all things vacated and dissolved, at the cost of appellee; and it is accordingly so ordered.