## MOORE v. DAVIS.

No. 1360—5505.

Commission of Appeals of Texas, Section A.

Nov. 12, 1930.

See also 16 S.W.(2d) 380.

B. Y. Cummings and McDonald & Anderson, all of Wichita Falls, and W. S. Moore, of Gainesville, for plaintiff in error.

Sullivan, Speer & Minor and John Speer, all of Denton, R. E. Taylor, of Wichita Falls, and Ocie Speer, of Austin, for defendant in error.

CRITZ, J.

In our original opinion, 27 S.W.(2d) 153, we stated that Judge McCallum was acting as special judge in a suit pending in the district court of Cooke county, Tex., in which Judge Moore, then the regular judge of said court, was plaintiff, and Judge Alvin C. Owsley defendant. On motion for rehearing it is contended by plaintiff in error that Judge McCallum was not a special judge, but had merely acted on an application of the plaintiff in error, W. S. Moore, for a temporary writ of injunction in his suit against Judge Owsley, which was granted by Judge McCallum and made returnable to the district court of Cooke county. At this time Judge McCallum was a district judge of one of the district courts of Dallas county. It is contended that later Judge Owsley applied to Judge McCallum for a dissolution of said temporary injunction, and that Judge McCallum, without any authority of law, made an order setting a hearing on Judge Owsley's motion to dissolve the temporary writ heretofore granted by him, and caused said order to be entered on the minutes of the district court of Cooke county. This is the order which Judge Moore caused to be obliterated. Judge Moore now contends that Judge McCallum had no right to hear the motion, or to make the order, and therefore he (Judge Moore) had the right, as a regular judge of said court, to cause the same to be obliterated, (a) because it was proper for him to refuse to approve the minutes of said court with said illegal order a part thereof, and (b) because said order was void, and he had the right to obliterate a void order from the minutes of his court. These contentions must be overruled because Judge Moore had no right to decide any of these matters pertaining to his own case, and further no power or authority to approve minutes of his own court pertaining to his own case.

It is shown by the transcript that this case was tried at a regular term of the district court of Cooke county, Tex., before Judge Royall R. Watkins, judge of the Ninety-Fifth district court of Dallas county, Tex., sitting for the judge of the Sixteenth district court of Cooke county, Tex. Also the transcript shows that Judge Watkins signed all orders and decrees, "Royal R. Watkins, Judge 95th. District Court, Dallas County, Texas, sitting for Judge 16th Judicial District Court Cooke County, Texas." Also attention is called to the fact that Cooke county and Dallas county are located in different administrative judicial districts.

On the above record Judge Moore now contends that Judge Watkins presided at the trial of this case without authority, and that every act and thing done at such trial was and is null and void, and therefore this case

should be reversed and remanded. This contention is based upon the proposition advanced by Judge Moore that since the act known as the Administrative Judicial District Act, passed at the Regular Session of the Fortieth Legislature, chapter 156, page 228 (Vernon's Ann. Civ. St. art. 200a), became effective it repealed all other laws relating to district judges presiding for other district judges, and prescribes the only and exclusive method by which one judge may preside over the court of another judge. This question is presented for the first time in this case in the motion for rehearing. It was not presented to the district court or the Court of Civil Appeals, and is not contained in the application for writ of error. It therefore comes too late. However, if the question was seasonably and properly presented in this court it should be overruled. The provisions of the act above mentioned relating to the assignment of one district judge to preside over the court of another district judge are not exclusive, but cumulative of other statutes relating to the same subject. Also the right of district judges to exchange districts and hold court for each other is provided for by section 11 of article 5 of our State Constitution, and cannot be taken away by statute.

■ Sworn public officials are presumed to act lawfully unless the contrary is shown. Under this rule and on the above record, we presume that Judge Watkins presided lawfully at the trial of this case.

We have read and carefully considered all other matters presented in the motion for rehearing, and still adhere to our original opinion.

We recommend that the motion for rehearing filed by Judge Moore be in all things overruled.