## EMMIE LEE BATES V. STATE.

No. 25,832. May 21, 1952.

Hon. Robert R. Patterson, Special Judge.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted in the county court of Scurry County for possession of whisky in a dry area for the purpose of sale and the jury assessed a fine of $100 and 30 days in jail.

Trial was had at the September term, 1951, of said court before Hon. Robert R. Patterson as special judge.

The sole question raised on this appeal concerns the authority of the special judge to preside in place of the regular judge of said court.

The record does not show that Hon. Robert R. Patterson was elected as special judge at the September term of said court in accordance with Art. 1934 and Art. 1887, et seq., R.C.S. It is shown however, that he was so elected as special judge of said court at the July term (on July 25, 1951), Hon. Edgar Taylor, the regular judge being unable to serve.

The state contends that the term of the special judge did not end with the expiration of the July term and the disposition of cases heard at said term, but continued into the September term and until the regular judge returned to the performance of his duties.

The state's position is that having been elected as special judge at the July term, and having qualified and served until the

expiration thereof, that upon the convening of the September term, (the regular judge being presumably absent or disabled) Mr. Patterson occupied the status of an incumbent, and unless and until the regular judge appeared or another special judge was elected, had authority to continue to preside over the court.

We are unable to agree with this contention.

In Reynolds v. City of Alice, 150 S.W. (2d) 455, 458, (Tex. Civ. App.) it was said:

"Articles 1887 to 1892, R.S. 1952, Vernon's Ann. Civ. St., provide for the election of a special judge and the matter of the conduct of such election. The selection of the Honorable John E. Lyle as Special District Judge for the 117th Judicial District conferred authority on him to hold the term, or part of term, then current, of the District Court of Nueces County. This was the extent of his authority. Wynn v. R.E. Edmondson Land and Cattle Co., Tex. Civ. App., 150 S.W. 310; League v. Brazoria County Road Dist., Tex. Civ. App., 187 S.W. 1012; State v. Guardian Foundation of Texas, Inc., Tex. Civ. App., 112 S.W. (2) 806, citing 25 Tex. Jur., p. 325, par. 76, and Note 2, p. 327. As having bearing on the matter, see, also, Articles 2278 and 2281, R.S. 1925, Vernon's Ann. Civ. St. arts. 2278, 2281; Rules Nos. 84 and 85 for the District Courts of Texas; Freeman v. Anderson, Tex. Civ. App., 119 S.W. (2) 1081."

In Wynn v. Edmondson Land and Cattle Co., 150 S.W. 310, it was said:

"Article 5, Sec. 7, of the state Constitution, provides for the division of the state into Judicial districts, and for the election of a judge for each district. It further provides that this judge of the district shall hold regular terms of his court at the county seat of each county in his district at least twice a year. It further provides that the Legislature shall provide for the holding of the district court when the judge thereof is absent or is disabled or disqualified from presiding, and this appears to be the only constitutional provision under which a special judge may be elected by the practicing attorneys under article 1071 of the Revised Statutes. (Now Art. 1887, R.S. 1925) Article 5, Sec. 11, of the Constitution, provides for a special judge to try a particular case where the judge is disqualified, and provides, also, for the exchange of districts by district judges, but it does not provide for the election of a special judge to hold the whole or a part of the term of court in the absence of the dis-

trict judge. This authority appears to be found alone in section 7 of said article, and in our opinion the only construction that can be placed upon this section is that it intended to provide simply for the holding of a particular district court; that is, the term of a district court of a county when the regular district judge thereof is absent or disqualified in order that there may be no failure of the term * * *."

We are in accord with the foregoing holding of our civil courts.

Art. V, Sec. 7 as amended in 1949, contains the same provision authorizing the legislature to provide for the holding of the district court when the judge thereof is absent or disabled.

We construe Const. Art. V, Sec. 7 and the statutes, Art. 1887, et seq., to provide for the election of a special judge to hold the term or part of the term then current of the district court of a county in order that there may be no failure of the term because of the absence or disability of the judge.

Under Art. 1934, R.C.S., a special judge of the county court is to be elected "in like manner as is provided for the election of a special district judge." His term is limited to the term of court for which he was elected, unless the regular judge should sooner appear.

It is further observed that as late as December, 1951, Hon. Edgar Taylor continued to occupy the office of judge of said court, and there is no showing that he was absent or was unable to preside at the September term when appellant was convicted.

The state relies upon Ex parte Templeton, (Tex. Supp.) 143 Tex. Cr. R. 381, 186 S.W. (2) 68, wherein it was held that in the absence of the regular judge, who was serving in the Navy, the practicing attorneys had a right to elect a special judge "to serve during the absence of the regular judge."

An examination of the opinion in the Templeton Case reveals that the Texas Supreme Court was not passing upon the duration of the term of the special judge, but only upon the question as to whether or not the regular judge had vacated his office by continuing to serve in the Naval Reserves after qualifying as district judge. In fact, it was stipulated that the special judge

had been duly elected at the term during which the judgment appealed from was rendered, in addition to having been elected and having served at the previous term.

Because it is not shown that the special judge who presided at the trial was legally authorized to do so, the judgment is reversed and the cause remanded.

Opinion approved by the court.