## HENRY ISAAC V. STATE.

No. 26,261. March 25, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) May 20, 1953.

*E. R. Wright,* Huntsville, and *Leon Lusk,* Houston, [of counsel on appeal only] for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for felony theft; the punishment two years in the penitentiary.

Will West, a tenant farmer, testified that on Monday, September 17, 1951, he left two piles of seed cotton in his field, about 100 yards from his house. One pile of the cotton was picked that day and weighed 349 pounds. The other pile, some four feet away, was wet cotton which had been picked the

previous week and had been spread to dry. The wet cotton had not been weighed.

When West went to his field the next morning both piles of cotton were gone.

West testified that the appellant came out to his place the night after the cotton disappeared and told him that he was sorry he got the cotton and said he would pay for it; that "him and Job and Red Morgan got the cotton."

George Wilson testified that he purchased from appellant for $40.00 a load of seed cotton which appellant estimated to be 400 pounds. This cotton was delivered by appellant and placed in Wilson's crib with other cotton, some burlap sacks dividing it. This cotton was recovered by the sheriff and hauled away by Will West. It was weighed at the Walker County Gin by Lee Farris. Farris testified that he recalled the weight as being about 350 pounds, and said that the market value of the cotton was ten cents per pound. No other cotton was recovered.

Appellant urges that the evidence is insufficient to show that the value of the seed cotton stolen was as much as $50.00.

The state's proof was to the effect that the 349 pounds of dry cotton was of the value of thirteen cents per pound. The value of the wet cotton, after it was dried, was estimated at from ten to thirteen cents per pound.

The owner, Will West, estimated that the pile of unweighed cotton contained some 50 to 75 pounds less cotton than the pile of dry cotton which weighed 349 pounds. A neighbor, Ira Hoke, estimated the amount of cotton in the two piles as about equal. Ida Mae Smith, a daughter of the owner, estimated the wet pile to contain some 45 or 50 pounds less than the weighed pile.

The issue as to the value of the cotton stolen was sharply contested and was submitted to the jury in a charge to which no objections were offered.

The case was submitted to the jury on circumstantial evidence and we cannot say that, considering the testimony from the standpoint most favorable to the state, there is not sufficient evidence to sustain the finding that the seed cotton was of the value of $50.00 or more. It is our duty to so view the evidence

in determining its sufficiency. See Greiner v. State, 157 Tex. Cr. Rep. 479, 249 S. W. 2d 601, 604; Hankins v. State, 140 Tex. Cr. Rep. 520, 146 S. W. 2d 195; Texas Digest, Criminal Law Key 1144(13).

The record shows that Honorable Frank G. McDonald "of Hill County District Court" presided at the trial. Appellant questions the validity of the judgment because there is nothing in the record to show by what authority Judge McDonald presided in the district court of Walker County, of which Honorable Max M. Rogers was and is the duly elected and qualified judge.

Appellant relies upon Davis v. State, 251 S.W. 2d 891, and Bates v. State, 157 Tex. Cr. Rep. 330, 248 S.W. 2d 947, wherein this court reversed the conviction because it was not shown that the special judge who presided at the trial was legally authorized to do so.

The cited cases deal with special judges such as attorneys elected by the practicing attorneys, agreed upon by the parties, or commissioned by the Governor, to preside in the place of the regular judge under Art. 5, Sec. 11 of the Constitution of Texas, Arts. 1884 et seq and 1930 et seq, R.C.S., and Arts. 553 and 554 C.C.P.

Under the provisions of Sec. 11 of Art. 5 of the Constitution of Texas, district judges may exchange districts or hold court for each other when they deem it expedient.

Art. 1916 R.C.S. provides: "A judge of the district court may hold court for or with any other district judge; and the judges of such courts may exchange districts whenever they deem it expedient."

Judge McDonald being at the time the regularly elected judge of the 66th Judicial District of this state, and not a "special judge," was authorized to preside for Judge Rogers without the necessity of the entry of a formal order. See Richardson v. State, 154 Tex. Cr. R. 422, 228 S.W. 2d 179; Baldwin v. Leonard, Civil Appeals, 110 S.W. 2d 1160; Eucaline Medicine Co. v. Standard Inv. Co., Civil Appeals, 25 S.W. 2d 259; Ferguson v. Chapman, Civil Appeals, 94 S.W. 2d 593; Moore v. Davis, Com. Appeals, 32 S.W. 2d 181.

In view of appellant's insistence that felony theft is "theft

of property of the value of $50.00 or over" and not "theft over $50" the judgment and sentence are each reformed so as to show the conviction to be for the offense of theft of property of the value of $50.00 or over. (Art. 1421 P.C.)

The verdict finding appellant guilty of "theft over $50" and assessing the punishment at two years in the penitentiary, in view of the court's charge, is sufficient to require the entry of such judgment of conviction for felony theft.

As reformed, the judgment is affirmed.