## HOY LESLEY v. STATE.

No. 30,973. November 11, 1959.
Motion for Rehearing Overruled January 13, 1960.

*T. R. Odell,* Lubbock, for appellant.

*Royce Adkins,* District Attorney, Haskell, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by indictment with theft of 9 drilling bits of the value of $51.00.

The evidence raised an issue as to the value of the bits being over or under $50.00 and the jury found appellant guilty of theft of property under the value of $50.00 and over the value of $5.00, and assessed his punishment at six months in jail.

The state relied upon circumstantial evidence and the sole ground for reversal is the sufficiency of the evidence to sustain the jury's verdict.

Under the law, this court's duty is to determine whether or not there is evidence which, viewed from the standpoint most favorable to the state, supports the jury's finding. Isaac v. State, 158 Texas Cr. Rep. 540, 257 S.W. 2d 436.

Appellant and his nephew, Billy Joe Fritts, traveling in an old Buick automobile belonging to Fritts, drove to a drilling rig in Haskell County, some 7 miles west of Rochester, arriving about midnight.

The crew engaged in drilling was composed of 4 men, their shift being from 11 P.M. to 7 A.M. V. A. Pack was the driller.

Arlie Williams, named in the indictment as the owner, was in charge of the rig and tools.

Upon arrival of the Buick appellant at once went to the "doghouse" located on the derrick floor some 9 feet above the ground. He remained in the "doghouse" and on the derrick floor for some 20 minutes during which time he visited and conversed with members of the crew, with all of whom he was acquainted.

Upon his return to the ground level appellant and his nephew left in the Buick.

Prior to the arrival of appellant and Fritts there were nine used drilling bits lying on the ground near the "doghouse" and within a few feet of where the Buick stopped. These bits belonged to Hughes Tool Company, from whom they had been leased by R. R. Carey Drilling Company. The driller and crew were employees of the company, as was Arlie Williams, the "tool pusher" in charge of the drilling rig and bits.

The drilling bits bore serial numbers by which they could be easily identified.

Soon after appellant and Fritts drove away the 9 drilling bits were missed. No other vehicle or person came to the drilling rig after the bits were last seen at the rig and before it was discovered that they were missing.

It was shown that the drilling bits were taken without the consent of Arlie Williams or of any of the drilling crew.

The loss of the bits was immediately reported to officers who found the Buick automobile parked in the front yard of Mrs. Lesley, the mother of appellant and the grandmother of Fritts, about 4 A.M.

The 9 drilling bits and 6 others were found there. Five of the bits were in the Buick and 10 were lying on the ground in the yard by the automobile.

Fritts was found lying in some weeds behind his grandmother's house. Appellant was in the house in bed.

Fritts was taken into custody and, after talking to him, the officers returned to the house and arrested appellant.

The evidence shows that the drilling bits weighed between 50 and 70 pounds each.

The court charged upon the law of principals and upon circumstantial evidence, and submitted both felony theft and misdemeanor theft.

There seems to be no question but that the jury was warranted in finding that the drilling bits were loaded into the Buick by Fritts while appellant was on the drilling platform visiting with the members of the crew.

Considering that the 9 drill bits weighed from 450 to 600 pounds, it would also appear that appellant was aware that they had been placed in the Buick by his nephew Fritts.

We agree with appellant's counsel in his conclusion that appellant did not himself load or assist in loading the drilling bits into the Buick, and that he was on the drilling platform, and not at the automobile, when they were loaded by Fritts.

We are unable to agree, however, that the jury was not warranted in finding that appellant agreed to the theft, his part in the taking of the drilling bits being to keep watch upon the crew while Fritts loaded them.

It would serve no useful purpose to analyze the decisions cited by appellant and by the state. Each case must necessarily be decided upon its own peculiar facts.

Here we have two men, uncle and nephew, going to an oil drilling rig in the middle of the night with no purpose indicated other than to visit, if not to steal. One loads some 450 to 600 pounds of drilling bits into the automobile while the other visits with members of the crew who are not aware of the presence of a second "visitor." Within a few hours, and before the stolen property is completely unloaded, officers find the automobile in the yard of a house. One of the passengers in the automobile which carried the stolen property away is found in the house in bed. The other, who loaded the property in the car, is found behind the house in the weeds.

Under these facts and circumstances, the jury was warranted in concluding that there was no reasonable hypothesis other than that appellant was a party to the theft and that such was the purpose of the midnight visit to the oil drilling rig.

The judgment is affirmed.

ON MOTION FOR REHEARING

DAVIDSON, Judge.

In his motion for rehearing, appellant presses upon us his contention that the facts did not warrant the submission of the case upon the law of principals.

The record reflects that appellant's guilt under the law of principals was conditioned upon a finding by the jury of his guilt of the felony offense of theft—that is, upon a finding of guilt in the event the property alleged to have been stolen was of the value of $50.

The jury acquitted appellant of felony theft and found him guilty of the misdemeanor offense of theft of propertly under the value of $50 and over the value of $5, under a charge which did not rest or predicate his guilt upon an application of the law of principals.

We are unable to agree with appellant that the charge upon principals, as given, entered into the jury's finding.

The motion for rehearing is overruled.