**Ellis WEAVER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38328.**

Court of Criminal Appeals of Texas.

Jan. 26, 1966.

Rehearing Denied March 23, 1966.

A. L. Lowery, Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft; the punishment, 10 years.

The record has now been perfected, and our prior opinions are withdrawn.

The sole question presented is whether or not the evidence is sufficient to establish appellant's guilt as a principal to the taking.

Appellant resided in a rural portion of Nacogdoches County, and had known Mr. Martin, the injured party, for a number of years and had often visited in his home. Appellant's sister, a woman 35 years of age, had resided in Jefferson County for a number of years and had had no contact with Mr. Martin since she was a child. Martin was 84 years old and had poor eyesight. Appellant's sister came to Nacogdoches County for a visit, and appellant took her and her children to visit Mr. Martin. While appellant and Martin sat on the front porch talking, appellant's sister, under the guise of getting some water for her children, en-

tered Martin's home and retrieved Martin's billfold from its hiding place over a door sill. Shortly thereafter, the group left, whereupon Martin became suspicious, went to look for his billfold, found it gone and reported the theft to the officers. Appellant and his sister were apprehended the same day, and approximately $475.00 of currency, which Martin identified as part of that taken from him, was recovered from appellant's person.

■ Appellant's sister, who was found by the trial court to be an accomplice as a matter of law, testified that she was in dire financial straits and that appellant had instructed her to steal Martin's billfold and that prior to their visit appellant told her where it might be found in his house. We have concluded that since the taking occurred under the circumstances hereinbefore set forth, the facts constitute sufficient corroboration of the accomplice's testimony. Morgan v. State, 171 Tex.Cr.R. 187, 346 S.W.2d 116.

While testifying in his own behalf, appellant admitted all the salient facts set forth above, but denied that he had told his sister where she might find Martin's money or that he instructed her to steal the same while he engaged Martin in conversation. He admits that he and his sister divided the money without counting it shortly after they left the Martin home and admits that he had bought three new tires for his pickup and a pair of shoes before he was apprehended by the officers.

■ We have concluded that even though appellant's confession does not recite that he and his sister agreed to steal Martin's money prior to their visit to the Martin home, the jury were nevertheless authorized to conclude from the facts set forth above that appellant was a principal. Lesley v. State, 168 Tex.Cr.R. 601, 331 S.W. 2d 58.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.