

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 19, 1971

Hon. Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. M-815

Re: Legality of payment of
compensation of Special
District Judge.

Dear Mr. Calvert:

You ask whether you may pay the salary of the Honorable Graham Bruce who was elected and served as Special Judge of the 163rd Judicial District Court, Orange County, during the disability of the elected judge, from the time of his election early in August, 1970, through October, 1970. You question whether he may be paid for his services beginning with the term of that Court on the first Monday in September, 1970, because he was not reelected to serve as Special Judge at an election during that term.

Our opinion is that he may be paid for these services in the usual statutory manner and at the statutory rate of pay for the reason that he was at least a de facto judge; we do not pass upon whether he was a de jure judge.

Your question arises because of the provisions of the following two Articles of Vernon's Civil Statutes: Article 1887 providing for election of Special District Judges and of Article 199, relating to the terms of the 163rd District Court of Orange County. Article 1887 reads as follows:

> "Should the judge of a district court on the first or any future day of a term, fail or refuse to hold the court, the practicing lawyers of the court present may elect from among their number a special judge who shall hold the court and proceed with the business thereof." (Emphasis added.)

Article 199, in its provisions relevant to the terms of the 163rd Judicial District Court reads:

> ". . .(C) The terms of the 163rd District Court shall begin on the first Monday in January,

May and <u>September of each year, respectively</u>, and each <u>term of said Court shall continue until</u> the <u>convening of the next succeeding term. . . .</u>" (Emphasis added.)

Inasmuch as your office is concerned with the legality of payment to this Special District Judge for his services, we address ourselves only to that question.

In <u>Snow v. State</u>, 114 S.W.2d 898 (Tex.Crim. 1937), it was held that a judge holding office under color of title by appointment and discharging the duties of the office, although ineligible to serve, was a de facto judge and his title to the office could not be successfully challenged except in a direct proceeding. This case is distinguishable from the holding in <u>Bates v. State</u>, 248 S.W.2d 947 (Tex.Crim. 1952), and <u>Davis v. State</u>, 251 S.W.2d 891 (Tex.Crim. 1952), wherein a direct attack was successfully made upon the authority of a special judge to sit in the case by a party litigant during the course of the proceeding.

Under the facts presented, the special judge who was elected to serve continued to serve as the special judge under color of authority under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be. In the absence of the issue having been challenged by a party litigant, the authorities hold that he may be recognized as a de facto judge. 46 Am.Jur.2d 263, Judges, Section 243.

We therefore regard the special judge in question as at least a de facto judge during the subsequent term of court when he continued to act for the regular judge who remained incapacitated. The compensation of de facto officers is discussed in 47 Texas Jurisprudence 2d 324, Public Officers, Section 263 which reads, in part, as follows:

". . . in the absence of a de jure claimants, a de facto officer is, in a proper case, entitled to compensation for services rendered by him and accepted; . . ."

We thus advise that the request for payment tendered by the special judge in question should be paid by the State for services rendered.

Hon. Robert Calvert, page 3 (M-815)

S U M M A R Y

A special district judge who is elected during one term of court and who continues to serve (without objection by any one) during the next term of court without being reelected by the members of the Bar should be paid for all his services rendered in accordance with Article 6821, Vernon's Civil Statutes, provided there is no conflict between the special judge and a de jure claimant.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By NOLA WHITE
First Assistant

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reeves
Arthur Sandlin
Roland Allen
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant