**Henry E. GRIFFIN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–053–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 19, 1986.

Louis E. Sturns, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Mary Thornton Taylor, Asst. Criminal Dist. Atty., Fort Worth, for the state.

Before HOPKINS, FARRIS and KELTNER, JJ.

## OPINION

HOPKINS, Justice.

Appellant, Henry E. Griffin, appeals from the trial court's judgment revoking his probation.

We affirm the judgment.

Appellant was convicted in 1975 for theft of services by check over $200. The order of probation required him to report in person to an adult probation officer. He failed to do so. The State then filed its motion to revoke probation in Criminal District Court No. 1. Probation was revoked by Gordon Gray, a former judge sitting by proper assignment to Criminal District Court No. 2. At the revocation hearing, the appellant did not object to the proceedings or question the jurisdiction of the court.[1]

Appellant alleges but one error asserting that the Honorable Gordon Gray as a former judge was sitting in a court created by the Tarrant County Commissioner's Court in violation of the Texas Constitution. Appellant asserts that his due process rights were violated because an "impact court" heard his case.[2]

■ We overrule this point of error. Appellant has presented no evidence that an "impact court" heard this case. Instead, the record reflects that Gordon Gray was properly assigned to the Criminal District Court No. 2 of Tarrant County. The record also reflects that all proceedings were filed in Tarrant County Criminal District Court No. 1. Appellant cites but one line from the transcript or statement of facts which he suggests supports his contention that an impact court heard this case. When Judge Gray called the case he stated: "Henry E. Griffin; a Motion to Revoke *from* the Criminal District Court Number One." (Emphasis added.) The appellant asserts that the use of "from" implies that the case was transferred from Criminal Court No. 1 to (impliedly) an impact court. We reject this argument. "From" implies at most that the motion was transferred from Criminal District Court No. 1 to Criminal District Court No. 2 (where Judge Gray was assigned). We hold that the appellant has failed to demonstrate that an impact court heard this case. Instead the record clearly reflects that a former judge sitting by proper assignment to a district court conducted the revocation proceeding and revoked appellant's probation.

■ Assuming arguendo that the case was heard in an "impact court" of Tarrant County, this court finds no constitutional difficulties. A system of impact courts highly similar to that used in Tarrant County withstood constitutional challenges in *Banks v. State*, 662 S.W.2d 616 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). *See also Reed v. State*, 500 S.W.2d 137, 138 (Tex.Crim.App.1973). In *Banks* retired judges sat concurrently with the elected judges in different courtrooms. The court simply found the impact court was no court at all. The key to the holding of *Banks* is

---

1. The State asserts that appellant did not properly preserve error by not objecting to the proceedings. We reject this argument. Error, if any, is jurisdictional and can, therefore, be raised for the first time on appeal.

2. Throughout this opinion we will refer to the "impact court" by that name, though we expressly reject appellant's contention that the impact court is a court at all. We use the term, as does Tarrant County, as a term of convenience.

that two judges can sit in separate courtrooms but on the same court. *See Reed*, 500 S.W.2d at 138; *Haley v. State*, 151 Tex.Crim.R. 392, 208 S.W.2d 378, 379–80 (1948). Furthermore, this court judicially notices the fact that Judge Gray is a former judge who has filed a timely request to continue in his judicial capacity. We do so under the authority of *Herrod v. State*, 650 S.W.2d 814, 817 (Tex.Crim.App.1983).

This court notes the record indicates Judge Gray's assignment to Criminal District Court No. 2 for the period during which he heard this revocation proceeding. We also note that the petition was filed and heard in Criminal District Court No. 1. And, someone, whose signature is unidentifiable, signed the defendant's docket sheet following the revocation proceedings as district judge of Criminal District Court No. 3. While this intermingling of district court designations is confusing it is of no consequence. Jurisdiction of district judges is concurrent at least within a single judicial district. The Texas Constitution provides that "the District Judges may exchange districts, or hold courts for each other when they may deem it expedient." TEX. CONST. art. V, sec. 11. The Court of Criminal Appeals has stated that this section of the constitution is sufficient to support a conviction in one court where the record clearly indicates that a judge from another court heard the cause. *Pendleton v. State*, 434 S.W.2d 694, 696 (Tex.Crim.App.1968). Furthermore, there is no need for the record to reflect a reason for the assignment. *See Lindley v. State*, 99 Tex.Crim.R. 85, 268 S.W. 167, 168 (1924). And, no formal order is necessary to enable a judge sitting on one district court to hear a case at least within his judicial district in another district court. *Isaac v. State*, 158 Tex.Crim.R. 540, 257 S.W.2d 436 (1953). *See also* TEX.GOV'T CODE ANN. sec. 75.001(b) (Vernon Pamph.1986).

Appellant's point of error is overruled and the judgment of the trial court is affirmed.