Gene Autry PENDLETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41512.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Rehearing Denied Dec. 18, 1968.

E. Brice Cunningham, Levi Curl, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, Myron Garner, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is unlawfully passing as true a forged instrument; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

At the outset appellant challenges the sufficiency of the evidence to sustain the conviction.

State's witness, James Edwards, a service station operator in Dallas County, testified that on November 6, 1966, appellant purchased a battery, a battery cable and $2.00 worth of gasoline from him; that appellant paid for such merchandise with a payroll account check of the J. R. Miller Trucking Company, signed by a R. L. Richie and made payable to the appellant in the sum of $58.55; that appellant assured Edwards that the check was good and furnished personal identification; that thereafter appellant endorsed the check and that he (Edwards) then deducted the price of the merchandise and gave the balance to the appellant in cash.

Robert Lewis, manager of the J. R. Miller Trucking Company, testified that on October 1, 1966, 640 company payroll account checks and a check protector were discovered missing; that R. L. Richie was not an authorized company signature and no one by that name was employed by the company; that appellant likewise was not a company employee and that the check in question was a forgery.

Testifying in his own behalf, appellant denied the transaction in question and stated that the signature on the back of the check was not his. He claimed that he did not know Edwards and had not done any previous check business with Edwards in the past as related by that witness.

It appears to be appellant's contention that (a) credible testimony does not exist to establish that the appellant was the person who passed the forged instrument in question, and even if it does exist, that (b) the evidence is not sufficient to show the appellant knew the instrument to be forged at the time he passed it.

■ Appellant points to the fact that for five years he had possessed an outstanding physical characteristic (a diamond or other jewel permanently fixed in his right teeth "on the right side—at the top") which the complaining witness Edwards related that he did not notice during the one hour they were together at the time of the transaction in question. Further, he attacks Edwards' credibility as the result of Edwards' testimony that the appellant had been in his gas station "off and on during 1966," when the record reflects that appellant was either in jail or in the Texas Department of Corrections from December 4, 1964, to September 12, 1966.

■ The record does not substantiate appellant's contention. Edwards testified appellant was not a "steady customer" and that "he had been in the station off and on for four or five years." Edwards related that he could not remember the dates when appellant had been in the station and he did

not know whether appellant had been there during June, July, August, or September of 1966. Further, we observe that the jury was the judge of the facts proved and the credibility of the witnesses. See Article 38.04, V.A.C.C.P. The jury resolved the conflict in the evidence against the appellant.

Three elements are necessary to constitute the offense of unlawfully passing as true a forged instrument. These are (a) the passing of the instrument as true, (b) the fact that the instrument was a forgery, and (c) knowledge by the accused that the instrument was forged or constituted a forgery when he passed it. 3 Branch's Anno.P.C.2d Ed., Sec. 1611, p. 761; Montgomery v. State, 157 Tex.Cr.R. 44, 246 S.W.2d 209; Tarwater v. State, 160 Tex. Cr.R. 59, 267 S.W.2d 410. These elements may be proved, however, by either direct or circumstantial evidence. In viewing the evidence in light most favorable to the jury verdict, we find the evidence sufficient to support that verdict.

We further note that in another ground of error appellant complains that the court erred in failing to charge on circumstantial evidence. This claim is advanced on the ground that there is no direct evidence showing that appellant had knowledge that the instrument had been forged. We find in the record no special requested charge or objection to the court's charge to the jury. The defendant must present his special requested charges and objections to the court in writing before the charge is read to the jury under the provisions of Articles 36.14 and 36.15, V.A. C.C.P. Smith v. State, Tex.Cr.App., 415 S.W.2d 206; Dennis v. State, Tex.Cr.App., 420 S.W.2d 940. Whether a charge on circumstantial evidence should have been given is immaterial in absence of a timely objection or special requested charge and nothing is presented for review. Castanuela v. State, 171 Tex.Cr.R. 173, 346 S.W.2d 332.

We find absolutely no merit in appellant's next contention that unless prior convictions are alleged in the indictment they cannot be introduced as a part of the defendant's prior criminal record at the separate hearing on punishment as provided by Article 37.07, V.A.C.C.P. If it be appellant's claim that he was not served with certified copies of the record of such prior convictions a reasonable time before trial as required by Article 3731a, Vernon's Ann.Civ.St., there is no showing that he objected in the trial court on this ground or that he was unfairly surprised by the failure to deliver such records. Cf. Denham v. State, Tex.Cr.App., 428 S.W.2d 814.

Lastly, appellant complains that there was a fatal variance between the allegata et probata with regards to the first prior conviction alleged for enhancement. The indictment alleged that appellant was previously convicted of unlawfully passing as true a forged instrument in Criminal District Court #3 of Dallas County on the 18th day of November, 1964, in Cause #E5278–KJ. The certified copies of the judgment and sentence entered in said cause and introduced reflect that such conviction did occur in the said Criminal District Court #3. The appellant, however, introduced evidence to show appellant's plea of guilty in said cause was heard before the Honorable John Mead who at the time was the duly acting and qualified judge of the Criminal District Court #4 of Dallas County. Therefore, appellant contends that the proof is sufficient to show that the conviction in fact occurred in Criminal District Court #4 rather than as alleged. We find no merit in this contention.

Article 5, Section 11 of the Texas Constitution, Vernon's Ann.St., states in part:

"And the district judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law." See Article 1916, V.A.C.S., which restates the same rule. See also 33 Tex.Jur.2d, Judges, Sec. 102, p. 479; Richardson v. State, 154 Tex.Cr.R. 422, 228 S.W.2d 179; Ran-

del v. State, Tex.Cr.App., 219 S.W.2d 689.

Further, we call attention to the provisions of Article 199–162, V.A.C.S., which provides in Section G thereof in part as follows:

"The judge of any of the District Courts in Dallas County may in his discretion try and dispose of any causes, matters, or proceedings for any other judge of said courts * * *"

Further, it is not necessary that the docket sheet nor minutes show the reason for exchanging benches. Lindley v. State, 99 Tex.Cr.R. 85, 268 S.W. 167. No formal order need be entered for the judge of one district court to preside over a case in the place of a duly elected judge. Isaac v. State, 158 Tex.Cr.R. 540, 257 S.W.2d 436; Baldwin v. Leonard, Tex.Civ.App., 110 S.W. 2d 1160.

All of appellant's grounds of error are overruled and the judgment is affirmed.