Harry Lee GREGORY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46950.

Court of Criminal Appeals of Texas.

June 13, 1973.

Michael Thornell, Houston, for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of robbery by assault. Appellant entered a plea of guilty and punishment was assessed at 20 years' confinement.

■ Appellant first contends that the trial court, the 179th Judicial Court, lacked jurisdiction to hear the cause. The indictment was returned to the 182nd Judicial Court in Harris County. Counsel was appointed by that court on December 1, 1971. A transfer order is included in the record, dated May 2, 1972, showing the cause was transferred from the 182nd to the 179th Judicial Court in Harris County.[1] Similarly, a notation on the indictment recites that the cause was transferred to the 179th Judicial Court, on May 2, 1972.

Regardless, the judge of any of the District Courts in Harris County may in his discretion try and dispose of any causes, matters, or proceedings for any other judge of said courts. Article 199a, § 2.002, Vernon's Ann.Civ.St.; Pendleton v. State, 434 S.W.2d 694 (Tex.Cr.App.1968). See also Garcia v. State, 429 S.W.2d 468 (Tex. Cr.App.1968) and Floyd v. State, 488 S.W. 2d 830 (Tex.Cr.App.1972). Appellant's first contention is overruled.

■ In several related grounds, appellant next argues that the 20-year sentence he received is cruel or unusual, in violation of Article 1.09, Vernon's Ann.C.C.P. He contends further that he was denied equal protection under the law, since a co-defendant received only a 5-year sentence.

At the motion for a new trial, the prosecutor noted that the co-defendant testified

1. Appellant's brief states he "does not know how it got there." This Court can make decisions only on the basis of the record before it. The record in the present case was approved without objection.

for the State, and that that was the basis for their recommending a lower punishment in that cause. The punishment assessed in the present case is well within the statutory limit. No error is shown.

[redacted] Lastly, appellant's attorney states that he was rendered ineffective, in advising his client to plead guilty since he expected appellant to either be placed on probation or receive a short prison term. Defense counsel's disappointment is understandable, but this does not render him ineffective. Counsel is not to be judged ineffective by hindsight. Boykin v. State, 487 S.W.2d 128 (Tex.Cr.App.1972). Appellant's counsel diligently attempted to get his client a probated sentence and later sought a new trial at a thorough hearing.

Finding no reversible error, the judgment is *affirmed*.