**Anthony REED, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47448.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

David R. Bires, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough & George Jacobs, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault. The appellant entered a plea of guilty before the Court and his punishment was assessed at seven years' imprisonment.

Although not briefed, we find this record presents fundamental error that must be considered in the interest of justice. See Art. 40.09, § 13, Vernon's Ann. C.C.P.

**138**

The record does not reflect that the appellant was properly admonished of the consequences of his plea of guilty as required by Art. 26.13, V.A.C.C.P. The appellant was not admonished as to the range of punishment provided by law[1] within which the Court would assess punishment upon his plea of guilty. The omission of this admonishment is fundamental error. See Ex parte Johnson, 499 S.W.2d 180 (Tex.Cr.App.1973); Ex Parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972); Ex Parte Marshall, 479 S.W.2d 921 (Tex.Cr.App. 1972); Ex Parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971); Wilson v. State, 456 S.W.2d 941 (Tex.Cr.App.1970); Robinson v. State, 491 S.W.2d 686 (Tex.Cr. App.1973); Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972) and Loudd v. State, 474 S.W.2d 200 (Tex.Cr.App.1971).

The appellant's sole contention urged on appeal is that the Court in which he was tried was not a Court of competent jurisdiction. The appellant was convicted in the 180th District Court of Harris County with the Hon. R. W. Williford, retired Judge of the 87th District Court of Freestone County, sitting pursuant to an administrative assignment made by the Hon. Max W. Rogers, Presiding Judge of the Second Administrative Judicial District. The appellant argues, although not supported by the record, that the Hon. Fred M. Hooey, the elected Judge of the 180th District Court, was sitting as a Judge of that Court trying cases in another courtroom at the same time the appellant was being tried. The appellant asserts that the Court in which Judge Williford was sitting, designated for convenience as "Annex Court A," was a judicially created Court rather than a Court created pursuant to legislative authority.

Two or more judges may try different cases in the same Court at the same time, each occupying a separate courtroom. Cf. Peach v. State, 498 S.W.2d 192 (Tex.

Cr.App.1973) and Gregory v. State, 495 S. W.2d 891 (Tex.Cr.App.1973). Judge Williford was sitting in the 180th Judicial District Court of Harris County, a Court created by the Legislature. See Acts 1967, 60th Leg., p. 2073, ch. 774, eff. June 18, 1967; Acts 1965, 59th Leg., p. 895, ch. 442, § 10c, eff. Sept. 1, 1965.

For the reasons stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

1. See Art. 1408, Vernon's Ann.P.C.