John David HANEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01118–CR.

Court of Appeals of Texas, Dallas.

Jan. 11, 1983.

George Roland, McKinney, for appellant.

Bill Schultz, Asst. Dist. Atty., for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

STEPHENS, Justice.

On July 5, 1977 John David Haney was convicted by the trial court in a bench trial for the delivery of marihuana. The court assessed his punishment at 5 years confinement in the Texas Department of Corrections, suspended imposition of sentence and placed Haney on probation. On the 29th day of December 1980, that court found that Haney had violated his terms of probation, entered its order revoking Haney's probation, and reimposed the original sentence of five years confinement in the Texas Department of Corrections.

On appeal from the revocation of probation judgment, Haney presents two grounds of error. First, he argues that there is no evidence to support the State's allegation, in its petition to revoke probation, that Haney had been convicted of "delivery" of marihuana. His second ground contends that the conviction upon which the revocation of probation is based is void as a matter of law. We conclude that the judgment of conviction for delivery of marihuana mistakenly recited that the conviction was for possession of marihuana, and under the authority of Article 44.24(b) of the Code of Criminal Procedure, we correct and reform the judgment of conviction for delivery of marihuana and affirm the judgment revoking Haney's probation.

On examining the record we find that Haney was indicted for "delivery" of marihuana. In a document entitled "STIPULATION OF EVIDENCE" Haney confessed to the following facts:

That I, John David Haney, on or about the 21st day of May, 1976, in Collin County, Texas did then and there knowingly and intentionally *deliver* Marijuana of less than one quarter ounce to a B——— J——— and did then and there receive for such delivery remuneration from the said B——— J——— AS CHARGED IN THE INDICTMENT.[1]

Additionally, the trial court's docket shows, in the handwriting of the trial judge, that Haney was convicted of the offense of *delivery* of marihuana.

However, another document, entitled "WRITTEN WAIVER AND CONSENT TO STIPULATION OF TESTIMONY AND STIPULATION", reflects that Haney entered his "Plea of Guilty to the offense charge [sic] herein," and stipulated "that all the acts and allegations in said indictment ... charging the offense of *Possession* of a Controlled Substance, namely: Marijuana are true and correct ...." Haney's written plea of guilty and waiver of trial also *incorrectly states the offense to be* "*possession of a Controlled Substance, namely: Marijuana.*" Similarly, the judgment recites "that the said defendant is guilty of the felony offense of *possession* of a Controlled Substance, namely: Marijuana, as charged in the indictment, ...."

■ Appellant now contends, in his first ground of error, that there was no evidence of his conviction for delivery of marihuana which would support the revocation of probation and the imposition of a five year sentence. We disagree. The apparent errors in the record are capable of correction and do not require a reversal. This court may reform and correct the judgment of the trial court as the law and nature of the case may require. Tex.Code Crim.Pro.Ann. art. 44.24(b) (Vernon Supp. 1982). Although this appeal is from an order revoking probation, the underlying judgment is in the record before us and thus subject to our jurisdiction for possible reformation under article 44.24(b). The record shows the judgment to be inconsistent with the indictment, the appellant's sworn confession and the trial court's docket entry of conviction. Accordingly, we hereby order the original judgment of conviction corrected to conform to the charge in the indictment, i.e., delivery of marijuana. *See Spurgers v. State,* 576 S.W.2d 830

---

1. All emphasis is added by the author of this opinion.

(Tex.Cr.App.1978); *See also Gibson v. State,* 488 S.W.2d 462 (Tex.Cr.App.1972). Appellant's first ground of error is overruled.

Appellant next contends, in his second ground of error, that the underlying conviction upon which the revocation of probation was based is void as a matter of law. Appellant supports his ground by arguing that the evidence in the original conviction for delivery of marihuana was insufficient to support the judgment and the order suspending sentence, and that the judgment entered fails to state a conviction for a felony offense. We disagree. The judgment as reformed and corrected by this court states a conviction for a felony offense, which is sufficiently supported by Haney's sworn judicial confession of the offense of delivery of marihuana. Appellant's second contention is overruled.

The trial court's judgment of July 5, 1977 is hereby ordered reformed to show a conviction of delivery of marihuana. The judgment of the trial court of December 19, 1980 revoking appellant's probation is affirmed.

A copy of this opinion shall be delivered to the Director of the Texas Department of Corrections.