Howard Edgar **BANKS**, Appellant,

v.

**STATE of Texas**, Appellee.

No. A14–82–621–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 16, 1983.

Petition for Discretionary Review
Refused Nov. 23, 1983.

Mollie Childs, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and
DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a conviction for theft. Punishment, enhanced by two prior felony convictions, was assessed by the Court at life imprisonment. We affirm.

In his first ground of error, appellant contends the trial court erred in denying his motion for instructed verdict because the State's evidence was insufficient to prove the value of the items taken was more than $200.

Appellant was stopped on February 15, 1982 by complainant and two others as he walked away from complainant's home, which was still under construction. He was subsequently arrested and charged with taking the following items from complainant's house: a stove, heater coil, door, lamp and a screwdriver. Complainant testified at trial that he paid "between five forty and five fifty-nine" for the oven; the lamp was "thirty-nine, forty dollars;" the heater coil was "three sixty a piece;" he paid "one thirty, one forty" for the door; the screwdriver cost "sixty-nine cents." Appellant argues that complainant's failure to use the word "dollars" or "cents" in his testimony as to the value of each item taken makes such testimony insufficient to support a conviction for theft of more than $200. Appellant also contends the evidence was insufficient regarding the cost of the items

because complainant testified that some of the property had previously been damaged in a fire. Appellant made no objection to the admission of such testimony. Nor did appellant offer any evidence to show the items totalled less than $200.

While we do not condone the State's failure to clarify complainant's recitations of the value of the stolen items, it was incumbent upon appellant to object to the manner of proving value at the time the testimony was introduced. *Brown v. State,* 640 S.W.2d 275 (Tex.Cr.App.—1982); *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.—1976); *Turner v. State,* 486 S.W.2d 797 (Tex.Cr. App.1972). We conclude the evidence was sufficient to show the property had a value of over $200, and overrule appellant's first ground of error.

In his second ground of error, appellant contends the trial court erred in refusing appellant's requested charge to the jury on the lesser included offense of misdemeanor theft.

In *Bravo v. State,* 627 S.W.2d 152 (Tex.Cr.App.1982), the Court of Criminal Appeals reiterated the two-step analysis used in recent cases to determine whether a charge on a lesser included offense is required: (1) the lesser included offense must be included within the proof necessary to establish the offense charged and (2) the record must contain some evidence that if the defendant is guilty, he is guilty of only the lesser offense. *See also Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981) (Opinion on Rehearing). In the instant case, appellant did not testify, nor did he present any evidence at trial regarding the value of the items to show that if guilty at all, he was only guilty of the lesser included offense of misdemeanor theft. We therefore overrule appellant's second ground of error.

In his third ground of error, appellant contends the trial court had no jurisdiction to hear appellant's case because the Hon. Ernest Coker presided in Annex Court B, not the 180th District Court of Harris County, as appears in the record. Appellant argues that the annex courts are unconstitutional because they were created judicially rather than by the legislature.

The Court of Criminal Appeals addressed this argument in *Reed v. State,* 500 S.W.2d 137 (Tex.Cr.App.1973). In *Reed,* appellant was tried and convicted in the 180th District Court of Harris County, with a retired judge, the Hon. R.W. Williford, sitting pursuant to an administrative assignment by the Presiding Judge of the Second Administrative Judicial District. Appellant asserted that the Court in which Judge Williford sat, Annex Court A, was not a court of competent jurisdiction because it was a judicially created Court rather than a Court created by legislative authority. The Court of Criminal Appeals overruled this ground of error and held that "[t]wo or more judges may try different cases in the same Court at the same time, each occupying a separate courtroom." *Id.* at 138. We agree with this holding, and find that Judge Coker was sitting in the 180th Judicial District Court of Harris County, which Court was created by legislative authority. We overrule appellant's third ground of error.

The judgment is affirmed.