**Henry E. GRIFFIN, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–86–053–CR.

Court of Appeals of Texas, Fort Worth.

April 1, 1987.

Opinion on State's Motion for Rehearing March 16, 1988.

Rehearing Denied May 5, 1988.

Louis E. Sturns, Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall and Mary Thornton Taylor, Asst. Crim. Dist. Attys., Fort Worth, for state.

Before FARRIS and KELTNER, JJ., and HARRY HOPKINS, J., (Retired) Sitting by Assignment.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

HARRY HOPKINS, Justice (Retired), Sitting by Assignment.

Appellant has filed a motion for rehearing alleging this court erred in holding this case was transferred to another Criminal District Court without benefit of a written order. We overrule the motion for rehearing. However, for reasons discussed below, the court, on its own motion, reverses and remands this cause.

In appellant's motion for rehearing he alleges error by this court in holding that the instant case was transferred from Criminal District Court No. 1 of Tarrant County, Texas to Criminal District Court No. 2 of Tarrant County, Texas, without benefit of an order directing to which court the case was to be transferred. That was not the substance of our holding. In order to clear up any misunderstanding in that regard, appellant's motion for rehearing is overruled, our former opinion and judgment of November 19, 1986 are withdrawn, and this opinion is substituted in lieu of our former opinion.

Appellant, Henry E. Griffin, appeals from the trial court's judgment revoking his probation.

Appellant was convicted in 1975 in Criminal District Court No. 1 of Tarrant County for the felony offense of theft of property of the value of $200 or more. The order of probation required him to report to an adult probation officer, which he failed to do. The State then filed its motion to revoke probation in Criminal District Court No. 1. Probation was revoked by Gordon Gray, a former judge sitting by proper assignment to Criminal District

Court No. 2. *See* TEX.GOV'T CODE ANN. sec. 74.003 (Vernon Pamph.1987) and TEX.REV.CIV.STAT.ANN. art. 200a–1, sec. 4.016 (Vernon Supp.1987). At the revocation hearing, the appellant did not object to the proceedings or question the jurisdiction of the court.[1]

■ Appellant alleges but one error asserting that the Honorable Gordon Gray as a former judge was sitting in a court created by the Tarrant County Commissioner's Court in violation of the Texas Constitution. Appellant asserts that his due process rights were violated because an "impact court" heard his case.[2]

We overrule this point of error. Appellant has presented no evidence that an "impact court" heard this case. Instead, the record reflects that Gordon Gray was properly assigned to the Criminal District Court No. 2 of Tarrant County by the Presiding Judge of the Eighth Administrative Judicial Region. The record also reflects that all proceedings were filed in Tarrant County Criminal District Court No. 1. Appellant cites but one line from the transcript or statement of facts which he suggests supports his contention that an impact court heard this case. When Judge Gray called the case he stated: "Henry E. Griffin; a Motion to Revoke *from* the Criminal District Court Number One" (emphasis added). The appellant asserts that the use of "from" implies that the case was transferred from Criminal District Court No. 1 to (impliedly) an impact court. We reject this argument. "From" does not imply that the motion was transferred from one court to another court. We hold that Judge Gray used the word "from" to signify that the case was on file in Criminal District Court No. 1 and was being heard on behalf of the judge of that court by a judge assigned to Criminal District Court No. 2. We hold that the appellant has failed to demonstrate that the case was heard by a court without proper jurisdic-

tion. Instead, as previously noted, the record clearly reflects that a former judge sitting by proper assignment to a district court conducted the revocation proceeding and revoked appellant's probation.

■ Assuming, arguendo, that the case was heard in an "impact court" of Tarrant County, this court finds no constitutional difficulties. A system of impact courts quite similar to that used in Tarrant County withstood constitutional challenges in *Banks v. State*, 662 S.W.2d 616 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). *See also Reed v. State*, 500 S.W.2d 137, 138 (Tex.Crim.App.1973). In *Banks* retired judges sat concurrently with the elected judges in different courtrooms. *Banks*, 662 S.W.2d at 617. The court simply found the "impact" or "annex" court was no court at all and held that two judges can sit in separate courtrooms but on the same court even though one courtroom may be designated or referred to as "Annex Court B". *Id.; see Zamora v. State*, 508 S.W.2d 819, 822–23 (Tex.Crim.App.1974); *Reed*, 500 S.W.2d at 138; *Haley v. State*, 151 Tex.Crim. 398, 208 S.W.2d 378, 379–80 (1948). Furthermore, this court judicially notices the fact that Judge Gray is a former judge who has filed a timely request to continue in his judicial capacity. We do so under the authority of *Herrod v. State*, 650 S.W.2d 814, 817 (Tex.Crim.App.1983) (opinion on reh'g) (en banc). *See also Olivares v. State*, 693 S.W.2d 486, 489 (Tex.App.—San Antonio 1985, pet. dism'd).

■ As stated previously, the record indicates Judge Gray's assignment was to Criminal District Court No. 2 for the period during which he heard this revocation proceeding and the motion to revoke probation was filed in Criminal District Court No. 1. The Texas Constitution provides that "the District Judges may exchange districts, or hold courts for each other when they may deem it expedient." TEX. CONST. Art. V,

---

1. The State asserts that appellant did not properly preserve error by not objecting to the proceedings. We reject this argument. Such error, if any, is jurisdictional and can, therefore, be raised for the first time on appeal.

2. Throughout this opinion we will refer to the "impact court" by that name, although we expressly reject appellant's contention that the impact court is a court at all. We use the term as a term of convenience.

sec. 11. The Court of Criminal Appeals has stated that this section of the constitution is sufficient to support a conviction in one court where the record indicates that a judge from another court heard the cause. *Pendleton v. State,* 434 S.W.2d 694 (Tex. Crim.App.1968). Furthermore, there is no need for the record to reflect a reason for exchanging benches and no formal order need be entered for the judge of one district court to preside over a case in place of a duly elected judge. *See id.* at 697.

Appellant's point of error is overruled, as well as his motion for rehearing.

■ Although not assigned as error,[3] this court has re-examined the record in this cause and has determined that the judgment of conviction cannot stand for the reason that there is a fatal variance between the offense alleged in the indictment and the offense set forth in the judgment. This variance constitutes fundamental error. The judgment is therefore reversed, and the cause is remanded to the trial court.

The indictment charges appellant in pertinent part as follows:

[D]id then and there with intent to avoid payment for asphalt work, *a service* that he knew was provided by Bob Plumlee only for compensation, did intentionally and knowingly by deception secure performance of said *service* of the value of $16,247.33 by then and there issuing and passing a check ... when the said Henry E. Griffin, the issuer of said check, did not have sufficient funds in and on deposit.... [Emphasis added.]

The judgment recites that appellant entered a plea of guilty and was found guilty by the court of the offense of *"Theft of Property* of the Value of $200.00 or More" (emphasis added).

All of the documents in the file, other than the indictment, set forth the offense for which appellant was found guilty, placed on probation, and subsequently revoked as "Theft of Property Over the Val-

ue of $200.00." The indictment alleges that appellant committed the offense of theft of service on or about April 23, 1974. The indictment was returned by the grand jury on May 13, 1975. Effective January 1, 1974, all theft of property offenses were consolidated into what was to become section 31.03 of the new Penal Code. *See* Penal Code, ch. 399, sec. 31.03, 1973 Tex. Gen.Laws 883, 929–30. TEX.PENAL CODE ANN. sec. 31.02 (Vernon 1974) lists the former theft statutes consolidated into section 31.03:

[T]heft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving or concealing stolen property.

*Id.* The practice commentary to section 31.02 expressly states that theft of service was treated separately in section 31.04 since, when the Penal Code was created in 1974, it was still considered to be a novelty. *See* Searcy III & Patterson, *Practice Commentary,* TEX.PENAL CODE ANN. sec. 31.02 (Vernon 1974). We note that appellant's indictment tracks exactly the elements of the theft of service statute which provided, in pertinent part, that a person commits an offense if:

[1] [W]ith intent to avoid payment for service that he knows is provided only for compensation

[2] he intentionally or knowingly

[3] secures performance of the service by deception

. . . .

Penal Code, ch. 399, sec. 31.04, 1973 Tex. Gen.Laws 883, 930–31. Appellant's indictment alleged, in relevant portion, that:

[1] [W]ith intent to avoid payment for asphalt work, a service that [appellant] knew was provided by Bob Plumlee only for compensation

[2] [appellant] did intentionally and knowingly

---

**3.** The fundamental unfairness and consideration of due process incident to a situation where a person is convicted of an offense not supported by the charging instrument requires our

review. *See Boutwell v. State,* 719 S.W.2d 164, 173 (Tex.Crim.App.1985) (opinion on reh'g). *See also Carter v. State,* 656 S.W.2d 468 (Tex. Crim.App.1983).

[3] by deception secure the performance of said service of the value of $16,247.33....

Thus, at the time of appellant's indictment and conviction, theft of service and theft of property were two separate, distinct offenses. Under appropriate circumstances, courts of appeals may reform judgments and sentences. *See Bogany v. State,* 661 S.W.2d 957, 958 (Tex.Crim.App. 1983); *Milczanowski v. State,* 645 S.W.2d 445, 446–47 (Tex.Crim.App.1983); *Joles v. State,* 563 S.W.2d 619, 622 (Tex.Crim.App. 1978); TEX.R.APP.P. 80(b)(2). We may even reform a judgment to reflect conviction of a different offense, *see Joles,* 563 S.W.2d at 622, and may reform the original judgment even though the case before us is a probation revocation proceeding. *See Haney v. State,* 646 S.W.2d 579, 580–81 (Tex.App.—Dallas 1983, no pet.). However, we may do so only where there is sufficient record before us; if the statement of facts or transcript do not contain the trier of fact's decision so that we may reconcile the indictment, proof and verdict, we cannot reform but must hold such conviction void. *See Milczanowski,* 645 S.W. 2d at 447. The record in the instant case does not contain a stipulation of evidence, written judicial confession or statement of facts or any other matter sufficient for us to reform the trial court's judgment.

Because the judgment and sentence reflect appellant was found guilty of an offense not charged against him in the indictment, the conviction is void.

The cause is reversed and remanded.

### OPINION ON STATE'S MOTION FOR REHEARING

LATTIMORE, Justice.

Subsequent to Judge Hopkins' opinion of April 1, 1987, the State timely filed a motion for rehearing and motion to supplement the record; the record was supplemented on April 21, 1987. To the extent here indicated the opinion is modified.

■ It appears from the record that the appellant was indicted for securing services with a worthless check. He appeared in court on August 27, 1975. The indictment was read to him. He announced his intention to plead guilty and testified. He testified to facts supporting the indictment:

Q. Now the indictment alleges that you issued and passed this check on the First National Bank in Grand Prairie, Grand Prairie, Texas, to Bob Plumlee for the amount of sixteen thousand two hundred forty-seven dollars and thirty-three cents, to knowingly and intentionally and by deception secure the performance of this service, this asphalt work, in that same amount, is that true and correct?

A. Yes, that's true.

Q. And when you issued this check, State's Exhibit No. 1, you knew you didn't have sufficient funds in and on deposit with the bank there in Grand Prairie for the payment in full of this check, as well as all other checks outstanding at that time, is that correct?

A. That's right.

Q. And do you agree that thereafter that this check was presented to your bank in Grand Prairie for payment and payment was refused by the bank for want of sufficient funds in your account?

A. Yes, sir.

Thereafter the court announced:

THE COURT: I find you guilty as charged in the indictment and assess your punishment at ten years in the penitentiary.

Is there any reason why sentence should not be given at this time?

THE DEFENDANT: No, sir.

The trial court's judgment convicting the appellant of theft of property is erroneous and is reformed to reflect a conviction of theft of services with a value of $200 or more. *See Gawlik v. State,* 608 S.W.2d 671 (Tex.Crim.App.1980).

Our judgment on rehearing dated April 1, 1987 is withdrawn.

The judgment of the trial court, as reformed, is affirmed.