Guadalupe A. WELSH, Appellant,

v.

John R. WELSH, Appellee.

No. 14–94–00289–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 15, 1995.

Rehearing Overruled Aug. 3, 1995.

Andrew Jefferson, Jr., Elsie Martin-Simon, Houston, for appellant.

Martin Dale Carden, Rosenberg, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

HUDSON, Justice.

This appeal comes to us from the trial court's entering a Decree of Divorce awarding Sole Managing Conservatorship to appellee, John R. Welsh. Appellant, Guadalupe A. Welsh, brings this appeal complaining of the jurisdiction of the trial court to hear the case, the admission of testimony from an expert witness whose identity was not disclosed timely, the trial court's failure to declare a mistrial for juror misconduct, and the trial court's failure to follow certain guidelines set out in the Family Code. We affirm the judgment of the trial court.

■ Appellant argues in her first point of error that the case was transferred to an Impact Court in violation of the Family Code's specific provisions concerning how and when a case may be transferred to another court. *See* TEX.FAM.CODE ANN. § 11.05(a) (Vernon 1986 & Supp.1995) (mandating that when court obtains jurisdiction of suit affecting parent-child relationship, it retains exclusive continuing jurisdiction as to any other court in state). *See generally id.* § 11.06 (setting out procedure for transferring case in which venue is improperly laid). Challenges to impact courts have arisen in numerous contexts, most frequently in criminal cases in which an appellant is contesting the legitimacy of the court itself. Such cases have been routinely resolved in favor of the legitimacy of these courts. *E.g., Griffin v. State,* 749 S.W.2d 497, 499–500 (Tex.App.—Fort Worth 1987, pet. ref'd); *Banks v. State,* 662 S.W.2d 616, 617 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd); *Permian Corp.*

*v. Pickett,* 620 S.W.2d 878, 881 (Tex.Civ. App.—El Paso 1981, writ ref'd n.r.e.); *Hunnicutt v. State,* 523 S.W.2d 244, 245 (Tex. Crim.App.1975); *Reed v. State,* 500 S.W.2d 137, 138 (Tex.Crim.App.1973), *overruled on other grounds, Ex parte Taylor,* 522 S.W.2d 479, 480 n. 1 (Tex.Crim.App.1975). *See generally Ex parte Holmes,* 754 S.W.2d 676, 682 n. 5 (Tex.Crim.App.1988) (tracing legislative history of cases addressing validity of impact or annex courts). Although these cases address a point slightly different from the crux of appellant's argument here today, we find the underlying premise of these holdings directly on point. All of these cases are resolved on the basis of the constitutional provision that authorizes district judges to hold court for each other when they deem it expedient. TEX. CONST. art. 5 § 11. Out of this constitutional language comes the authorization for one district judge to try cases for another district judge, "in the same court at the same time, each occupying a different courtroom." *Permian Corp.,* 620 S.W.2d at 881. These principles bear out appellee's contention that the Impact Court is a type of derivative court, a court acting as the 328th but with a different judge and in a different courtroom.

The record itself gives credence to this rationale because all of the documents are marked as filed in the 328th district court. Also, the Final Decree of Divorce states that the "record of testimony was duly reported by the official court reporter of the 328th Judicial District Court," and the face of the Decree itself shows it was filed in the 328th district court. The Statement of Facts does note on its cover page that the case is in the 328th district court, but the court reporter also describes his title on this cover page as "Official Court Reporter—Impact Court One." Further evidence of the interchangeability of the courts is seen on a subpoena ordering Glendon B. Adams to appear before the "honorable Impact Court <328th> District Court of Fort Bend County." *Cf. Griffin,* 749 S.W.2d at 499 (finding appellant failed to prove impact court heard case because record showed all proceedings were filed in criminal district court no. 1). All the documentation in the record, in addition to the caselaw resolving questions concerning

impact courts, leads to the conclusion that this cause remained in the appropriate court, the 328th, the court of continuing jurisdiction. Point of error one is overruled.

■ Point of error two asserts the trial court abused its discretion in allowing the testimony of Dr. Jay Bevan, a court-appointed witness. Appellant asserts that appellee failed to supplement his interrogatories once it became apparent Dr. Bevan would be called to testify. Appellant argues the reasons proffered by appellee to the trial court did not meet the high standard of good cause; therefore, the trial court abused its discretion in permitting Dr. Bevan to testify. When a party fails to supplement interrogatories with the name of a witness to be called at trial, the automatic sanction for such failure is the exclusion of the witness's testimony. TEX.R.CIV.P. 215(5); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297–98 (Tex.1986). The only exception to the exclusion is a showing of good cause for the testimony, and it is the burden of the party seeking to call the witness to show good cause as to why the responses to discovery requests were not timely supplemented. TEX.R.CIV.P. 215(5); *Gutierrez v. Dallas Ind. School Dist.,* 729 S.W.2d 691, 694 (Tex.1987).

■ However, our review of the record shows appellant failed to properly preserve her complaint as to the admission of Dr. Bevan's testimony. Indeed, one of the cases cited by appellant controls our determination of this issue. *Clark v. Trailways,* 774 S.W.2d 644, 647 (Tex.1989), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1122, 107 L.Ed.2d 1028 (1990). In *Trailways,* as in this case, the complaining party presented its complaint as to the untimely disclosure in the form of a pretrial motion. *Trailways,* 774 S.W.2d at 647. On appeal, the appellant argued that it did not need to reassert an objection at the time the witness took the stand. The supreme court disagreed and held that a pretrial motion will not preserve a complaint as to the admission of an untimely disclosed witness's testimony. *Id.* The supreme court explained at great length the significant policy concerns behind its holding with the following language:

The rules requiring timely objections or motions are designed to allow trial courts to correct any errors made during the course of the proceedings. By failing to object when an undisclosed witness or evidence is offered at trial, parties ... effectively deny a trial court the opportunity to review and correct a prior finding of good cause ... The efficient administration of justice thus requires that trial courts have the opportunity to review any previous finding of good cause, regardless of whether the finding occurred several months or one day prior to the actual offering of the testimony or evidence at issue. For these reasons, we believe that the better-reasoned approach is to require a party opposing the admission of testimony of evidence under rule 215(5) to object when the testimony or evidence is offered at trial.

*Id.* (citations omitted) Because appellant failed to object when Dr. Bevan took the stand and began to testify, she presents nothing for review under this point of error.

■ In point of error three appellant complains of the trial court's failure to declare a mistrial because of juror misconduct. In a civil case, to preserve the issue of juror misconduct a party must file a motion for new trial supported by an affidavit from the juror attesting to an improper outside influence. Tex.R.Civ.P. 324(b)(1); Tex.R.Civ.P. 327(a)–327(b); *Weaver v. Westchester Fire Ins. Co.*, 739 S.W.2d 23, 24 (Tex.1987). To obtain a new trial based on an allegation of juror misconduct, the movant must establish (1) that the misconduct occurred; (2) that it was material; and (3) that the misconduct probably resulted in harm to the movant. *Perry v. Safeco, Ins. Co.*, 821 S.W.2d 279, 280 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Generally, the question of juror misconduct, when properly raised in a motion for new trial, will require a hearing for the court to hear evidence to determine whether a new trial is warranted. The decision to grant a new trial is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Rankin v. Atwood Vacuum Mach. Co.*, 831 S.W.2d 463, 467 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

In this case, the allegation of juror misconduct arose in the course of trial, and the trial court interrupted the trial to hold a hearing to determine whether juror misconduct had occurred. At this hearing, the questionable juror, Mr. Croom, was ordered to explain the circumstances and substance of comments he was seen making to both parties on separate occasions. After the juror made his explanations, neither party voiced any concern. Appellant was apparently satisfied that harmful juror misconduct had not occurred. Further, appellee's attorney said he was concerned with having a juror misconduct problem "at this stage of the trial" and suggested that the trial court give the jury an additional instruction reminding them not to talk to any of the parties. The attorney for appellant agreed with this suggestion.

■ Appellant's satisfaction with the trial court's action was also manifested by her failure to move for a mistrial or to file a motion for new trial. The authority appellant cites in support of her contention that juror misconduct requires a mistrial consists of criminal cases in which the argument of juror misconduct was preserved for appellate review by the complaining party's moving for a mistrial. Nothing of the sort occurred in this case. *Hunnicutt v. Clark*, 428 S.W.2d 691, 693 (Tex.App.—Texarkana 1968, no writ); *see also Alamo Carriage v. City of San Antonio*, 768 S.W.2d 937, 943 (Tex. App.—San Antonio 1989, no writ) (finding waiver where party failed to move for mistrial promptly and opted instead to await jury's verdict then complain of juror misconduct); *Kansas City Southern Ry. Co. v. Chaffin*, 658 S.W.2d 186, 189 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.), *cert. denied*, 469 U.S. 854, 105 S.Ct. 177, 83 L.Ed.2d 112 (1984) (trial court overruled motion for new trial upon finding no improper conversation by juror). Further, any error flowing from an instruction to the jury reminding them of their duty to avoid speaking with the parties or their attorneys cannot be reviewed here when the record shows appellant agreed with appellee's suggestion to remind the jury of this obligation. Although we find appellant failed to preserve for review any complaint regarding juror misconduct, we also note

that the juror's comments appear to fall under the category of casual, albeit improper remarks unrelated to the case. Such remarks are ordinarily harmless. *Chaffin*, 658 S.W.2d at 189. Again, appellant has preserved nothing for review under this point of error.

▆▆▆▆ In point of error four, appellant argues that the trial court erred in deviating from the Standard Possession Order set out in section 14.033 of the Family Code. TEX. FAM.CODE ANN. § 14.033 (Vernon Supp.1995). Appellant's only argument in support of this contention is based in section 14.032 of the Family Code which states in pertinent part:

> The guidelines for the possession of a child by a parent named as a Possessory Conservator in this chapter are intended to guide the courts in determining the terms and conditions for possession of a child by a parent named as a possessory conservator in any suit affecting the parent-child relationship. It is the policy of this state to encourage frequent contact between a child and each parent for periods of possession that optimize the development of a close and continuing relationship between each parent and child. It is preferable for all children in a family to be together during periods of possession. The standard possession order is designed to apply to a child three years of age or older.
>
> \*　\*　\*　\*　\*　\*

TEX.FAM.CODE ANN. § 14.032(a) (Vernon Supp.1995). Another section of the statute states that "in determining the terms of possession of a child, the court shall be guided by the guidelines." *Id.* § 14.032(c). Appellant places great emphasis on the word "shall" in this statute, arguing in effect that the standard possession is a mandatory order. We find it clear from the language of the statute itself that the mandatory "shall" is used in conjunction with the word "guide," thus indicating that the standard order is intended only as that, a guide by which the trial court determines an appropriate order for the parties before it. Appellant correctly concludes that the standard order provides the reasonable minimum possession of a child. Moreover, courts will uphold such orders based on the presumption that it is in

the best interest of the child or children. TEX.FAM.CODE ANN. § 14.033(k) (Vernon Supp.1995); *see also Thompson v. Thompson*, 827 S.W.2d 563, 570 (Tex.App.—Corpus Christi 1992, writ denied) (justification for deviating from standard possession order in denying parent access to child during summer months was not supported by record to show such deviation was in best interest of child). The standard possession order, however, is not mandatory in every case. *See Voros v. Turnage*, 856 S.W.2d 759, 761 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (stating judge not required to give standard order in every custody case).

▆▆▆▆ Appellant argues the trial court erred in deviating from the order in suspending all summer weekend possession and access to her children without a showing of good cause. In asserting that the deviation was error, appellant disregards her failure to request that the trial court state in its order the reasons for the deviation. Our reading of the statute shows that a trial court is required to state these reasons only when timely requested to do so. The relevant portion of the statute states:

> Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which possession of a child by a parent is contested and the possession of the child is set by the court in variance with the guidelines, *on written request made or filed with the court not later than 10 days after the date of the hearing or on oral request made in open court during the hearing*, the court shall state in the order the specific reasons for all deviations from the standard possession order. (emphasis added)

TEX.FAM.CODE ANN. § 14.033(k) (Vernon Supp.1995). Our review of the record reveals no such request. If the complaining party fails to make this request as required by statute, the trial court has no obligation to state the reasons for the deviation from the standard possession order. *MacCallum v. MacCallum*, 801 S.W.2d 579, 585–86 (Tex. App.—Corpus Christi 1990, writ denied) (placing burden on complaining party to prove up order not being within guidelines

and not in best interests of children); *see also Voros,* 856 S.W.2d at 761 (stating judge must state reasons for deviation when requested to do so). If a party makes a timely request and the reasons for the deviation are in the order, the appellate court can then perform its function of reviewing the record, the order, and the reasons for the deviation, to determine if the trial court abused its discretion in deviating from the standard possession order. *See Voros,* 856 S.W.2d at 761 (complaining party properly requested trial court to state reason for deviation; when trial court failed to do so appellate court stayed proceedings to await trial judge's compliance, after which abuse of discretion review could be had).

In explaining the absence of such request on her part, appellant appears to be asking us to indulge her with a presumption that "since no statement of facts are required and no findings are required it may be presumed that the request was made, in open court, because Appellant is now complaining in this appeal, about not being granted the 'Standard Possession Order' by the trial court." This proposition runs contrary to the entire scheme of preservation of error for appellate review. Such a proposition, that a silent record plus a complaint on appeal creates a presumption that error was preserved, would effectively eviscerate the requirement that an appellant provide the court with a record sufficient to show error on appeal requiring reversal. TEX.R.APP.P. 50(d); *Henning v. Henning,* 889 S.W.2d 611, 613 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *see also Piotrowski v. Minns,* 873 S.W.2d 368, 370 (Tex.1993) (stating appellant's burden to ensure throughout trial that proper record is being made for purposes of appeal). Therefore, absent a showing appellant made a timely request to the trial court to set forth the reasons for deviating from the standard possession order, we find the trial court did not err in failing to state in the order the reasons for the deviation. Point of error four is overruled.

The judgment of the trial court is affirmed.