Affirmed and Opinion filed May 30, 2002









Affirmed
and Opinion filed May 30, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00919-CV

____________

 

LINDA LIGDA, Appellant

 

V.

LAURENCE W. WATTS AND


WATTS &
ASSOCIATES, ATTORNEYS AT LAW,
Appellees

 



 

On Appeal from the
113th District Court

Harris
County, Texas

Trial Court Cause
No. 97-00847

 



 

O P I N I
O N

Appellant
Linda Ligda appeals a take-nothing judgment rendered
against her and in favor of her former attorneys, appellees
Laurence W. Watts and Watts and Associates, Attorneys at Law (collectively AWatts@). 
Ligda contends the trial court erred by
admitting the testimony of a late-designated expert and by admitting medical
records obtained after the discovery deadline. 
Ligda further contends the court erred by
refusing to allow her to testify regarding Watts=s representation.  We affirm.

 








I.  Background

Ligda sued Watts alleging, among other things, violations of the Deceptive
Trade PracticesBConsumer Protection Act (ADTPA@). 
On January 20, 1998, Watts designated expert witnesses in responding to Ligda=s first set of interrogatories.  On April 25, 2000, just 41 days before trial,
Watts supplemented his response to the interrogatories and named Dr. Byron
Howard as an expert witness for the first time. 
Before trial, Ligda filed a motion to exclude
Dr. Howard=s testimony, alleging that Watts had
untimely identified him as an expert witness, as calculated under Rule
190.3(b)(1)(B)(ii).[1]  See Tex.
R. App. P. 190.3(b)(1)(B).  The
trial court denied her motion.

During
trial, the court overruled Ligda=s objections to admission of the
following evidence: (1) Ligda=s medical records, on the ground they
were obtained after the discovery deadline; and (2) the testimony of Dr. Howard
because he was untimely designated.  Also
during trial, the court refused to allow Ligda to
testify in support of her allegation that Watts committed unconscionable acts
in rendering legal services.

The
trial court signed a take-nothing judgment against Ligda.  In two points of error, Ligda
appeals the above evidentiary rulings and the trial court=s denial of her motion to exclude
evidence.

II.  Discussion

A.  Failure to
Exclude Evidence

 








In her
first point of error, Ligda contends the trial court
abused its discretion by  denying her
motion to exclude the testimony of Dr. Howard and, during trial, admitting
his  testimony and extensive medical
records over her objection.  Because Ligda=s trial objections, and not her motion to exclude, preserved
these complaints for our review, we address only whether the trial court abused
its discretion in admitting the evidence during trial and not whether the trial
court erred in denying Ligda=s motion to exclude.  See Clark v. Trailways,
774 S.W.2d 644, 647 (Tex. 1989) (holding that a pretrial motion will not
preserve a complaint as to the admission of an untimely disclosed witness=s testimony); Welsh v. Welsh,
905 S.W.2d 615, 617 (Tex. App.CHouston [14th Dist.] 1995, writ denied). 

We
review a trial court=s evidentiary rulings for an abuse of discretion.  See Owens‑Corning Fiberglass Corp.
v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 
The test is whether the trial court acted without reference to any
guiding rules or principles.  Id.  We look to the Texas Rules of Civil
Procedure to determine whether Watts timely (1) supplemented his designation of
expert witnesses; and (2) obtained Ligda=s medical records.  Here, both parties disagree about whether the
revised discovery rules apply to these questions.

Generally,
absent an express intention to the contrary, procedural rules adopted by the
Texas Supreme Court are applied to pending litigation.  Cavitt v.
Jetton=s Greenway Plaza Cafeteria, 563 S.W.2d 319 (Tex. Civ. App.CHouston [1st Dist.] 1978, no writ); see Tex. R. Civ. P. 1.  Here, the revised discovery rules have
various application dates.  See Order
Approving Technical Corrections to the Revisions to the Texas Rules of Civil
Procedure, Misc. Docket No. 98‑9224 (Tex. Dec. 31, 1998), printed in 62 Tex. Bar J. 115 (Feb. 1999).








Ligda argues that the level two discovery plan[2]
of Rule 190.3, under the revised discovery rules, determines the applicable
discovery period in this case.[3]  The comment[4]
to Rule 190 provides that it only applies to cases filed on or after January 1,
1999.  The Supreme Court=s order approving the revisions
provides that a court may adopt an appropriate discovery control plan in
previously filed cases.  See Order
Approving Technical Corrections (4)(b). 
However, after reviewing the record, including the court=s docket sheets, we find no evidence
that the court adopted a discovery control plan, and Ligda
does not contend the court did so in her appellate briefing.  Because this case was filed before January 1,
1999, and because nothing in the record suggests the court adopted a discovery
control plan in conformity with the new rules, we find that the discovery
period is governed by the rules of civil procedure in effect when the case was
filed.  Accordingly, we hold that Rule
190.3 does not apply to this case.  

Under
former Rule 166(b)(6), the discovery period ended on the date the case was
scheduled for trial, June 6, 2000.  See
Tex. R. Civ.
P. 166b(6) (repealed 1999).  We
find that Watts complied with former Rule 166(6)(b) and timely obtained the
medical records, in April and May of 2000, before the discovery period ended on
the date set for trial, June 6, 2000. 
Accordingly, we find that the trial court did not abuse its discretion
in overruling Ligda=s objection to admission of the
medical records as untimely obtained.  








Next, we
address Ligda=s complaint that the court
erroneously admitted testimony from a witness untimely designated as an
expert.  Watts designated expert
witnesses in response to Ligda=s first set of interrogatories on
January 20, 1998.  Watts later identified
Dr. Howard as an expert witness in a supplemental response to the
interrogatories.  Current Rule 193.5(b)[5]
applies because Watts supplemented his discovery response after the rules were
adopted, and the comments to rule 193.5 provide that A[d]iscovery
responses, . . .amendments, . . . and supplementations made prior to Jan. 1,
1999, are not subject to TRCP 193.@ 
See Tex. R. Civ. P. 193.5 (notes and comments).  Rule 193.5 provides that if a party learns
that his discovery response, though complete and correct when made, is no
longer complete and correct, he must supplement or amend his response to the
extent the discovery sought the identification of expert witnesses.  Tex.
R. Civ. P. 193.5(a)(1)B(2). 
The amended or supplemental response must be made reasonably promptly
after the party discovers the necessity for it. 
Tex. R. Civ.
P.  193.5(b).  Moreover, Rule 193.5(b) further requires
that, except as otherwise provided by the rules, we should presume an amended
or supplemental response made less than 30 days before trial is not reasonably
prompt.  Id.  








Watts
filed his supplemental discovery response naming Dr. Howard on April 25, 2000,
41 days before the June 6, 2000 trial. 
Thus, we will not presume that Watts=s supplemental response was
untimely.  Moreover, we do not find that
the trial court abused its discretion in concluding that Watts supplemented his
discovery responses in a reasonably prompt manner.  In his appellate brief, Watts does not
disclose when he discovered the need to supplement, and we find no reference to
where we might find this information. 
According to Ligda=s appellate brief, the trial court
arguments on Ligda=s motion to exclude were not recorded
for the record.  Because we do not know
when Watts discovered the need to amend his designation of expert witnesses and
what the trial court heard in the hearing, we cannot second-guess the trial
court=s conclusion that Watts supplemented
his discovery responses reasonably promptly. 
Accordingly, we do not find that the trial court abused its discretion
in overruling Ligda=s objection to the admission of Dr.
Howard=s expert testimony.

We
overrule Ligda=s first point of error.  

B.  Exclusion of Ligda=s Testimony

In her
second point of error, Ligda contends the trial court
abused its discretion by refusing to allow Ligda to
testify about Watts=s actions in representing her, which bore directly on her
claim that Watts committed unconscionable actions or courses of actions that
caused damage to Ligda, violating section 17.50 of
the DTPA.

As Watts
correctly notes, the alleged error was not properly preserved for appellate
review because no bill of exceptions was made showing what Ligda=s testimony would have been.  See Smith v. State, 737 S.W.2d 910,
915 (Tex. App.CFort Worth 1987, pet. ref=d).








We overrule
Ligda=s second point of error and affirm the trial court=s judgment.

 

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
May 30, 2002.

Panel consists of Chief Justice
Brister and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 

 

 











[1]  Ligda argues that under Texas Rule of Civil Procedure
190.3(b)(1)(B)(ii), discovery was closed as early as October 10, 1998 and no
later than February 25, 2000.  Under Rule
190.3(b)(1)(B)(ii), discovery is closed at nine months after the earlier of (1)
the date of the first oral deposition (May 25, 1999) or (2) the due date of the
first response of written discovery (January 19, 1998).  Tex.
R. Civ. P. 190.3(b)(1)(B)(i)B(ii)





[2]  Rule 190
requires that each case be governed by a discovery control plan.  Tex.
R. Civ. P. 190.1. 





[3]  Rule 190.3
provides that A[a]ll discovery must be
conducted during the discovery period, which begins when suit is filed and
continues until (i) the earlier of 30 days before the
date set for trial; or (ii) nine months after the earlier of the date of the
first oral deposition or the due date of the first response to written
discovery.  Tex. R. Civ. P. 190.3(b)(1)(B).





[4]  The Supreme
Court order approving revision to the Texas Rules of Civil Procedure provides,
in part, that the notes and comments appended to the revisions are meant to
inform courts= construction and application of the rules.  Order Approving Technical Corrections (2).





[5]  Before the
1999 amendments, the obligation to supplement discovery responses was found
in  Rule 166b(6): 

 

Duty to Supplement. 
A party who has responded to a request for discovery that was correct
and complete when made is under no duty to supplement his response to include
information thereafter acquired, except the following shall be supplemented not
less than thirty days prior to the beginning of trial unless the court finds
that a good cause exists for permitting or requiring later
supplementation.  

 

a. A party is under a duty to reasonably supplement
his response if he obtains information upon the basis of which:

 

(1) he knows that the response was incorrect or
incomplete when made;

(2) he knows that the response though correct and
complete when made is no longer true and complete and the circumstances are
such that failure to amend the answer is in substance misleading . . . . 

 

b. If the party expects to call an expert witness when
the identity or the subject matter of such expert witness= testimony has not been previously disclosed in
response to an appropriate inquiry directly addressed to these matters, such
response must be supplemented to include the name, address and telephone number
of the expert witness and the substance of the testimony concerning which the
expert witness is expected to testify, as soon as is practical, but in no event
less than thirty (30) days prior to the beginning of trial except on leave of
court.

 

Tex. R. Civ.
P. 166b(6); see State Farm Fire & Cas. Co. v. Morua, 979 S.W.2d
616, 617B18 (Tex. 1998).