# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00180-CV

---

### D. H., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

#### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
#### NO. 20-FL-382, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Following a jury trial, the district court terminated the parental rights of D.H. (Father) to his child, C.H. (Daughter), born March 23, 2017.  In a single issue on appeal, D.H. asserts that the district court erred by failing to adequately address juror misconduct, specifically a juror who appeared to be sleeping during trial.  We will affirm the order of termination.

## BACKGROUND[1]

The case began in July 2020 when the Department of Family and Protective Services (the Department) received a report alleging neglectful supervision of Daughter by Father, who was reportedly using illegal drugs while caring for Daughter and had committed acts of domestic violence against Daughter's mother, C.N. (Mother), whose parental rights to

---

[1]  Because the parties are familiar with the facts of the case, bring no challenge to the sufficiency of the evidence supporting the termination order, and present only a single issue on appeal involving a purely legal question, we provide only a brief recitation of the facts here.  *See* Tex. R. App. P. 47.1.

Daughter the Department also sought to terminate. At trial, the jury heard evidence regarding Father's past drug use, his continued drug use and his missing 36 of 40 drug tests while the case was ongoing, his acts of domestic violence committed against Mother, his unstable living situation, and his failure to comply with several requirements of his court-ordered service plan. The jury also heard evidence that Daughter had been placed in a "loving home" with a relative and was doing well in the relative's care. The relative testified that she wanted to adopt Daughter, and multiple witnesses testified that termination of Father's parental rights and adoption of Daughter by the relative was in Daughter's best interest.

At the conclusion of trial, the jury found that the parental rights of Mother and Father to Daughter should be terminated. Regarding Mother, the jury found that termination of Mother's parental rights was in the best interest of Daughter and that Mother had executed an unrevoked or irrevocable affidavit of relinquishment of parental rights. *See* Tex. Fam. Code § 161.001(b)(1)(K), (2). Regarding Father, the jury found that termination of Father's parental rights was in the best interest of Daughter and that Father had: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for Father to obtain the return of the child. *See id*. § 161.001(b)(1)(D), (E), (O), (2). The district court rendered judgment in accordance with the jury's verdict. This appeal by Father followed.

**DISCUSSION**

In his sole issue on appeal, Father asserts that the district court erred by failing to adequately address juror misconduct, specifically a juror who was apparently sleeping during trial. On the second day of trial, in a hearing outside the presence of the jury that was attended by counsel for both Father and the Department, the guardian ad litem for the child informed the district court that there was a juror who had "spent a substantial amount of time like sleeping, nodding off." The guardian ad litem told the court that "it happened yesterday" and was continuing that day. She then identified the juror. The court brought the matter to the bailiff's attention, who told the court that the juror in question had made a comment during the first break that morning that "she was having a hard time" "staying awake." The court told the bailiff to "keep a closer eye on her," and the bailiff agreed to do so. Counsel for Father then remarked that "if they have to," they could use the alternate juror. The bailiff suggested that the juror in question be allowed to "stand up for a minute" "if they're having problems focusing," and the district court agreed to this procedure. The guardian ad litem then asked, "But if it happens again, what should we do?" The district court responded, "Well, if it happens again we may have to consider using the alternate when we get to that point." Counsel for Father did not move for a mistrial or otherwise object to continuing with the juror. There was no further discussion of the matter during trial, and the record reflects that the alternate juror was released from service before the jury began deliberating. Thus, the juror in question participated in the deliberations. Counsel for Father did not file a motion for new trial complaining of the matter.

For the first time on appeal, Father argues that the district court committed reversible error by failing to "determine the amount and nature of the testimony that was slept

through" by the juror. Father claims that the juror "likely missed significant testimony" and that "harm to Appellant likely occurred and likely resulted in an improper judgment."

A juror sleeping during trial constitutes juror misconduct. *See Menard v. State*, 193 S.W.3d 55, 59–60 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 279 (Tex. App.—Houston [14th Dist.] 1999, no pet.). "'If sleep by a juror makes it impossible for that juror to perform his or her duties or would otherwise deny the defendant a fair trial, the sleeping juror should be removed from the jury.'" *Menard*, 193 S.W.3d at 60 (quoting *United States v. Freitag*, 230 F.3d 1019, 1023 (7th Cir. 2000)). "'However, a court is not invariably required to remove sleeping jurors, and a court has considerable discretion in deciding how to handle a sleeping juror.'" *Id*.

To preserve for appellate review a complaint regarding a trial court's handling of a sleeping juror, the complaining party must timely object to the trial court's procedure. *See* Tex. R. App. P. 33.1(a)(1); *Menard*, 193 S.W.3d at 59; *Melendez*, 998 S.W.2d at 279; *Alamo Carriage Serv., Inc. v. City of San Antonio*, 768 S.W.2d 937, 943 (Tex. App.—San Antonio 1989, no writ); *see also Freitag*, 230 F.3d at 1023. Additionally, the filing of a motion for new trial is a prerequisite to raising a complaint on appeal of juror misconduct. *See* Tex. R. Civ. P. 324(b)(1); *Welsh v. Welsh*, 905 S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *see also In re R.A.B.*, No. 12-16-00017-CV, 2016 WL 2941333, at *1 (Tex. App.—Tyler May 18, 2016, no pet.) (mem. op.).

In this case, when the sleeping juror was brought to the district court's attention by the guardian ad litem, Father did not move for a mistrial, request questioning of the juror to determine the extent to which the juror had been sleeping or the portions of testimony that the

4

juror might have missed,[2] or object to the district court's decision not to remove that juror and replace her with the alternate. Additionally, Father failed to file a motion for new trial or other post-judgment motion complaining of the matter. Accordingly, we conclude that Father failed to preserve this complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Menard*, 193 S.W.3d at 59; *Melendez*, 998 S.W.2d at 279; *Alamo Carriage Serv.*, 768 S.W.2d at 943.

We overrule Father's sole issue on appeal.

## CONCLUSION

We affirm the district court's order of termination.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: August 30, 2022

---

[2] To the extent that Father is arguing that the district court had a duty to sua sponte determine the extent to which the juror was sleeping, we are aware of no authority requiring a trial court to do so. In fact, our sister court, in an unpublished opinion, declined to hold that any such duty exists. *See Harleston v. State*, No. 01-09-00481-CV, 2010 WL 2873590, at *2 (Tex. App.—Houston [1st Dist.] July 22, 2010, pet. ref'd) (mem. op.).